UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEADRA G.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C18-5850 RSL

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Deadra G. appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied her application for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision and DISMISSES this case with prejudice.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 53-year-old woman with an associate's degree. See Administrative Record ("AR") at 59, 63. Plaintiff protectively filed an application for disability insurance benefits on October 17, 2014, alleging that her disability began on September

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS - 1

7, 2007. AR at 102, 300-06. The Social Security Administration ("SSA") denied Plaintiff's claims initially and upon reconsideration. Id. at 102-09, 111-20.

Plaintiff requested review, pursuant to which ALJ Joanne Dantonio held two hearings. See id. at 41-100. On February 1, 2017, ALJ Dantonio held a hearing at which she took testimony from a vocational expert on Plaintiff's past relevant work. Id. at 41-53. On July 24, 2017, ALJ Dantonio held a second hearing at which she took testimony from Plaintiff and another vocational expert. Id. at 54-100.

On September 5, 2017, ALJ Dantonio issued a decision finding that Plaintiff had not been disabled as of her date last insured. Id. at 15-32. The Appeals Council denied review on August 22, 2018. Id. at 1-3.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. §405(g), the Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the

evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

## III. EVALUATING DISABILITY

Plaintiff, as the claimant, bears the burden of proving that she is disabled within the meaning of the Act. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment that has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §423(d)(1)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. §404.1520. The claimant bears the burden of proof during steps one through four. Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity."

20 C.F.R. §404.1520(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. Id. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c). If the claimant does not have such impairments, she is not disabled. Id. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §404.1520(d). A claimant whose impairment meets or equals one of the listings for the required 12-month duration is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §404.1520(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §404.1520(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §404.1520(g); Tackett, 180 F.3d at 1099-100. If the Commissioner finds the claimant is

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. §404.1572.

unable to perform other work, then the claimant is found disabled and benefits may be awarded. 20 C.F.R. §404.1520(g).

## IV. DECISION BELOW

On September 5, 2017, the ALJ issued a decision finding the following:

1. The claimant last met the insured status requirements of the Act on June 30, 2012.

2. During the period from September 7, 2007, the alleged disability onset date, through June 30, 2012, the date last insured, the claimant did not engage in substantial gainful activity. See 20 C.F.R. §§404.1571-76.

3. Through the date last insured, the claimant had the following severe impairments: Lumbar stenosis with post-laminectomy syndrome, obesity, depressive disorder, posttraumatic stress disorder, written expression disorder, and developmental reading disorder. See 20 C.F.R. §404.1520(c).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. §§404.1520(d), 404.1525(d), 404.1526.

5. Through the date last insured, the claimant had the RFC to perform sedentary work as defined in 20 C.F.R. §404.1567(a), except that she could walk for only 15 minutes at a time. After approximately one hour of sitting or standing, she could take a five-minute change in position without loss of pace. She could never climb ladders, ropes, or scaffolds. She could less than occasionally climb stairs, crawl, and balance. She could occasionally climb ramps, stoop, kneel, and crouch. She could occasionally operate foot controls. She could have no exposure to high impact vibration. She could have less than occasional exposure to low impact vibration. She could have occasional exposure to extreme cold and hazards such as unprotected heights and dangerous moving machinery. She could perform simple routine unskilled work. She could perform work that did not require her to do math unless assisted by a calculator or register. She could occasionally perform work that required her to read/write

in a technical nature.

6. Through the date last insured, the claimant was unable to perform any past relevant work. See 20 C.F.R. §404.1565.

7. Through the date last insured, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the claimant could perform. See 20 C.F.R. §§404.1569, 404.1569(a).

8. The claimant was not under a disability, as defined in the Act, at any time from the alleged disability onset date through the date last insured. See 20 C.F.R. §404.1520(g).

AR at 15-32.

V.  ISSUES ON APPEAL

A. Whether the ALJ's determination that Plaintiff could perform full-time work was supported by substantial evidence.

B. Whether the ALJ properly rejected the 2017 opinion of Andrew Manista, M.D.

C. Whether the ALJ's RFC determination was supported by substantial evidence.

Pl. Op. Br. at 1.

VI.  DISCUSSION

**A.  The ALJ's Determination That Plaintiff Could Perform Full-Time Work Was Supported by Substantial Evidence**

Plaintiff argues that the ALJ erred in interpreting several medical opinions to support the finding that Plaintiff could perform full-time work. Id. at 3-4. The Court disagrees.

Plaintiff first argues that the ALJ erred in interpreting a 2009 statement from Dr. Manista to mean that Plaintiff could perform full-time sedentary work. Pl. Op. Br. at 3. Dr. Manista, Plaintiff's low back surgeon, gave several opinions over the course of his treatment of Plaintiff. AR at 936-41, 1052-53, 1128. In March 2009, Dr. Manista performed surgery on Plaintiff's low back. See id. at 493. On July 8, 2009, Dr. Manista stated in a treatment note that he "strongly recommended vocational retraining for a sedentary type job." Id. at 488. The ALJ interpreted Dr. Manista's statement as an opinion that Plaintiff could perform sedentary level work and gave it significant weight. Id. at 28.

The ALJ erred in his interpretation of Dr. Manista's 2009 statement. Dr. Manista's statement that Plaintiff should retrain for a sedentary level job is not the same as an opinion that Plaintiff could perform a sedentary level job. The ALJ's error, however, did not have to do with whether Dr. Manista believed Plaintiff could perform full-time versus part-time work, as Plaintiff suggests. See Pl. Op. Br. at 4. The error was in interpreting Dr. Manista's 2009 statement to say anything about Plaintiff's ability to work.

Plaintiff next argues that the ALJ erred in interpreting the opinions of James Kopp, M.D. and Mark Holmes, M.D. Pl. Op. Br. at 4. The parties entirely miss the mark here. Neither the ALJ nor the parties reference these doctors' actual opinions. Instead, the ALJ and the parties refer to a single paragraph from the independent medical evaluation report

of another doctor, Theodore Georgis, M.D., summarizing Dr. Kopp and Dr. Holmes's opinions. See AR at 946. One doctor's summary of other doctors' opinions is not a medical opinion. "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s)." See 20 C.F.R. §404.1527(a). Summarizing another doctor's opinions does not reflect a judgment about the claimant's condition. The ALJ's actual error here was in treating Dr. Georgis's summary of Dr. Kopp and Dr. Holmes's opinions as a medical opinion.

Plaintiff further argues that the ALJ erred in giving significant weight to the opinions of Gordon Hale, M.D. Pl. Op. Br. at 4. Dr. Hale is a consulting doctor who reviewed the medical evidence as part of the SSA's reconsideration of Plaintiff's disability claims. AR at 116-18. In June 2015, Dr. Hale opined that Plaintiff had exertional, postural, and environmental work limitations equivalent to the light work level. See id. at 117-18. The ALJ gave Dr. Hale's opinions significant weight, but "included additional restrictions in the [RFC] based on [Plaintiff's] testimony at the hearing." Id. at 29.

Plaintiff has failed to show that the ALJ erred in accepting Dr. Hale's opinions. An ALJ is not required to provide reasons for accepting a doctor's opinions. See Turner v. Comm'r of Soc. Sec. Admin., 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a doctor's] report because the ALJ did not reject any of [his] conclusions"). Plaintiff has not identified any of Dr. Hale's opinions that were not included in the RFC, and consequently has not shown error.

Although the ALJ committed two errors—misinterpreting Dr. Manista's 2009 statement and erroneously treating Dr. Georgis's summary of Dr. Kopp and Dr. Holmes's opinions as a separate medical opinion—Plaintiff has failed to show harmful error. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("'[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.'") (quoting Shinseki v. Sanders, 556 U.S. 396, 409 (2009)). The ALJ based his determination that Plaintiff could perform full-time work on three other opinions from Dr. Manista, the acceptance of which Plaintiff has not challenged. See AR at 28. In January 2011, Dr. Manista opined that Plaintiff could perform modified duty work, with specific exertional and postural limitations. AR at 936. Dr. Manista issued identical opinions in April and August 2011. Id. at 938, 940. The form on which Dr. Manista issued these three opinions allowed him to limit the number of hours Plaintiff could work, but Dr. Manista did not do so. See id. at 936, 938, 940. These opinions provide substantial evidentiary support for the ALJ's determination that Plaintiff could perform full-time work regardless of the ALJ's errors. The ALJ therefore did not harmfully err in finding that Plaintiff could perform full-time work. See Molina, 674 F.3d at 1115 (holding that an ALJ's inclusion of errors that are "'inconsequential to the ultimate nondisability determination'" is harmless) (quoting Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008)).

**B.     The ALJ Did Not Harmfully Err in Evaluating Dr. Manista's 2017 Opinion**

Plaintiff argues that the ALJ erred in rejecting Dr. Manista's 2017 opinion. Pl.

Op. Br. at 2-3. The Court disagrees.

On May 15, 2017, Dr. Manista responded to a series of written questions from Plaintiff's counsel. AR at 1052-53. Dr. Manista responded "no" to the following question: "During the time that you have been treating [Plaintiff] since her alleged onset date of August 22, 2011, has [Plaintiff] been able, on a regular and sustained basis, eight hours a day, five days a week, to engage in sedentary, light or medium work as defined by the enclosed Social Security Definitions?" Id. at 1052.[2] Dr. Manista responded "no" when asked whether Plaintiff's "spinal condition and the pain related to that condition allowed her to work on a full time basis at sedentary, light or medium work since August 2011 . . . ." Id. at 1053. Dr. Manista opined that since August 2011 Plaintiff would need to recline for more than four out of eight hours. Id. Dr. Manista responded "yes" when asked whether "the combination of [Plaintiff's] medical impairments [would] have resulted in absenteeism of [three] or more days per month on a more probable than not basis." Id.

On the same date, May 15, 2017, Dr. Manista completed an activity prescription form. Id. at 1128. He opined that Plaintiff had a poor prognosis for return to her past work, could sit for one to three hours a day, and could stand, walk, bend, stoop, squat and kneel for zero to one hour a day. Id.

The ALJ rejected Dr. Manista's 2017 opinions because they were "not relevant to

---

[2] The record does not include the social security definitions referenced here, nor is it clear why Plaintiff's counsel cited the alleged onset date as August 22, 2011.

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS - 10

the claimant's physical functioning prior to the date last insured." Id. at 30. The ALJ further explained that Dr. Manista's 2017 opinions "reflect[ed] a worsening of [Plaintiff's] spine condition well after the date last insured." Id.

The ALJ's reasoning adequately supported rejecting Dr. Manista's 2017 opinions. An ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record" to reject the opinion of an examining doctor when it is contradicted. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing Andrews, 53 F.3d at 1042). The questions Plaintiff's counsel asked Dr. Manista covered a portion of the period before Plaintiff's date last insured, from August 22, 2011, to June 30, 2012, but also included the period up to May 2017, when Dr. Manista signed his answers. See AR at 1052-53. There is no indication that Dr. Manista's answers referred specifically to the period before the date last insured. See id. Dr. Manista issued a number of opinions prior to August 22, 2011, which the ALJ credited. See id. at 28, 936, 938, 940. The ALJ reasonably concluded that Dr. Manista's 2017 opinions, issued five years after Plaintiff's date last insured, were not relevant to the disability period.

The ALJ's statement that Plaintiff's condition worsened after the date last insured, however, is inadequately explained to support rejecting Dr. Manista's 2017 opinions. An ALJ must give detailed, reasoned, and legitimate reasons for disregarding a doctor's findings; conclusory reasons are insufficient. Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014). The ALJ did not explain his conclusion that Plaintiff's condition worsened, and thus could not reject Dr. Manista's 2017 opinions on this basis.

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS - 11

Although the ALJ gave an erroneous reason for rejecting Dr. Manista's 2017 opinions, Plaintiff has failed to show harmful error. See Molina, 674 F.3d at 1115. The ALJ's first reason for rejecting Dr. Manista's 2017 opinions remains valid despite his inclusion of an erroneous reason, and thus the error "'[did] not negate the validity of the ALJ's ultimate conclusion.'" Id. (quoting Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004)).

**C.    The ALJ's RFC Determination Was Supported by Substantial Evidence**

Plaintiff argues that the ALJ's RFC was not supported by substantial evidence. Pl. Op. Br. at 5. Plaintiff devotes only one paragraph of her opening brief to this argument, arguing that the RFC determination was not supported by substantial evidence because the "opinions to which the ALJ [gave] weight do not support that the Plaintiff can work full-time at a sedentary level." Id. As the Court has found, Plaintiff is incorrect on this point: The opinions on which the ALJ relied support a finding that Plaintiff can work full-time at a sedentary level. See supra Part VI.A. Plaintiff's argument thus fails.

## VII.    CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision and DISMISSES this case with prejudice.

DATED this 26th day of April, 2019.

　　　　　　　　　　　　　　　　　　　　　*/s/ Robert S. Lasnik*
　　　　　　　　　　　　　　　　　　　　　Robert S. Lasnik
　　　　　　　　　　　　　　　　　　　　　United States District Judge